IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Donna Y.,[1]                                          Case No. 6:18-cv-01582-AA
                                                      **OPINION AND ORDER**
       Plaintiff,

   v.

ANDREW SAUL,
Commissioner of Social Security,

       Defendant.

_____

AIKEN, District Judge:

     Plaintiff Donna Y. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## BACKGROUND

On October 25, 2013, plaintiff filed for DIB with a date last insured of September 30, 2015.  In her application, plaintiff alleged disability beginning on July 20, 2012 due to a combination of physical and mental impairments, including intermittent anxiety and depression; posttraumatic stress disorder; chronic obstructive pulmonary disease; non-obstructive emphysema; basal cell carcinoma; fibromyalgia; cervical and lumbar degenerative disc disease.

Plaintiff's claims were denied initially on April 3, 2014, and upon reconsideration on July 9, 2015.  On September 3, 2015, plaintiff filed a written request for hearing before an Administrative Law Judge ("ALJ").  An administrative hearing was held on May 23, 2017, where plaintiff was represented by counsel. Plaintiff and a vocational expert ("VE") offered testimony at the hearing.  The ALJ found plaintiff not disabled in a written decision issued on September 20, 2017.  After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the ALJ's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010).  "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted).  The court must evaluate the

complete record and weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet that burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of July 20, 2012 through the date last insured. Tr. 16; *see also* 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ found that plaintiff had "the following severe impairments: cervical and lumbar degenerative disc disease." Tr. 16; *see also* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the

Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 20; *see also* 20 C.F.R. § 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). Tr. 20-24; *see also* 20 C.F.R. § 416.920(e). The ALJ found that, through the date last insured, plaintiff "had the [RFC] to perform medium work with the following additional limitations. She could frequently climb ramps and stairs, and she could only occasionally climb ladders, ropes, and scaffolds. She could only frequently balance stoop, kneel, crouch, and crawl." Tr. 20.

At step four, the ALJ found that plaintiff was "capable of performing past relevant work as a hotel clerk and receptionist" and thus was not disabled under the Act. Tr. 25-26. The ALJ did not proceed to Step Five. Accordingly, the ALJ found that plaintiff was not disabled and denied her application for benefits. Tr. 26.

## DISCUSSION

Plaintiff raises three assignments of error on appeal. She contends that the Commissioner erred in: (1) improperly rejecting two sources of medical opinion evidence; (2) improperly rejecting plaintiff's subjective symptom testimony; and (3) improperly rejecting lay witness statements. The Court addresses each issue in turn.

I.    *Medical Opinion Evidence*

At step two of the five-step sequential evaluation, the ALJ determined that plaintiff did not have a severe mental impairment. In doing so, the ALJ followed the mandatory special psychiatric review technique. Tr. 17-20; 20 C.F.R. § 404.1520a. During her review, the ALJ also evaluated the opinions from both Dr. Pamela Roman,

Ph.D., and Dr. Arthur Lewy, Ph.D.  Tr. 18-19.  Plaintiff does not challenge the ALJ's application of the special technique.  Rather, plaintiff argues that the ALJ erred in rejecting the examining medical opinion of Dr. Roman and reviewing medical opinion of Dr. Arthur Lewy.  Pl's. Br. at 6.

Three types of medical opinions exist in Social Security disability cases: medical opinions of (1) treating physicians, (2) examining physicians, and (3) reviewing physicians.  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's" opinion.  *Id.* at 1202; *accord* 20 C.F.R. § 404.1527(d). Accordingly, "the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chafer*, 81 F.3d 821, 830 (9th Cir. 1995).  Moreover, "the opinion of an examining [physician], even if contracted by another [physician], can only be rejected for specific and legitimate reasons." *Id.* at 830-31.

Regarding the ALJ's specificity, "[t]he ALJ can meet this burden by setting out a detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  However, the ALJ is not required to recite "magic words" or "incantations." *Id.* at 755.  If the ALJ provides enough information that the reviewing court can draw reasonable inferences from the record in support of the ALJ's findings,

then the ALJ's findings should be upheld.  *Towne v. Berryhill*, 717 F.App'x 705, 707 (citing *Batson v. Comm'r of Sec. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Regarding the ALJ's reasoning, among other legitimate reasons, an ALJ may discount a medical opinion if it is inconsistent with the plaintiff's level of activity, *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001), or if it contains internal inconsistences, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 2001).  However, an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  Moreover, an ALJ may discount a physician's opinion when it contains "internal inconsistencies."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

Finally, "the consistency of the medical opinion with the record as a whole" is a relevant consideration in weighing competing evidence.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  In the end, "[t]he ALJ is responsible for resolving conflicts in the medical record."  *Carmickle v. Comm'r, SAA*, 533 F.3d 1155, 1164 (9th Cir. 2008).  "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *See lvlorgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, plaintiff argues that the Commissioner erred in improperly rejecting two sources of medical opinion evidence.  For the reasons that follow, the Court finds plaintiff's argument without merit.

A.  *Opinion of Dr. Roman.*

First, plaintiff challenges the ALJ's decision to assign "no weight" to the examining medical opinion of Dr. Roman. Tr. 19. In July 2015, Dr. Roman performed a consultative psychodiagnostics evaluation on plaintiff. Tr. 18, 384-90. Based on this evaluation, Dr. Roman concluded that plaintiff "would be at risk for decompensating and distracting others, and [she] would be an unreliable employee in terms of attendance." Tr. 389, 19. After considering Dr. Roman's opinion, the ALJ assigned no weight to it because the opinion was "inconsistent with the remaining evidence of record, including [plaintiff's] hearing testimony, treatment records during the period at issue, and documented activities of daily living during the period at issue." Tr. 19.

Plaintiff argues that the ALJ failed to identify specific evidence of record that is inconsistent with Dr. Roman's opinion. However, in the ALJ's opinion, she summarized Dr. Roman's opinion and provided her reasoning for rejecting it. The Court is not constrained to only where the ALJ's provides an exact page citation to the record. Instead, the Court evaluates the complete record, *Mayes*, 276 F.3d at 459, and may draw reasonable inferences from the ALJ's decision "if those inferences are there to be drawn," *Magallanes*, 881 F.2d at 755.

Here, Dr. Roman's opinion was contradicted by the opinion from the State agency reviewing psychological consultant, Dorothy Anderson, Ph.D., concluding that plaintiff's metal impairments caused only mild limitations and were therefore not severe. Tr. 19, 71. Because the opinion of Dr. Roman, an examining physician, was

contradicted by another physician, the ALJ only needed specific and legitimate reasons to reject it. *See Lester*, 81 F.3d at 830-31.

Although, the ALJ did not provide pinpoint citations to the precise page in the record, the ALJ is not required to recite "magic words" or "incantations," *Magallanes*, 881 F.2d at 755. Regardless, each of the ALJ's statements clearly referred to a specific section in the record, such as Dr. Roman's evaluation or plaintiff's hearing testimony. Tr. 18-19. The ALJ also cited specific aspects of plaintiff's treatment record and daily activities throughout her decision. Tr. 17-18, 23-24. Accordingly, the ALJ's explanation for rejecting Dr. Roman's opinion is sufficiently specific.

Reviewing the Court, the Court finds that the ALJ provided specific and legitimate reasons to reject Dr. Roman's opinion. For example, the ALJ assigned no weight to Dr. Roman's opinion because it was inconsistent with plaintiff's documented activities of daily living during the period at issue. Tr. 18. Dr. Roman's evaluation included plaintiff's account that she suffers from dizziness, experiences pain when walking or standing, and has difficulty lifting objects. Tr. 390. However, as the ALJ pointed out, plaintiff prepared meals, performed household chores, shopped in grocery stores, and used public transportation, Tr. 18, 44, 50, 224. Plaintiff even managed her own finances and denied any problems paying bills, counting change, handling a savings account, or using a checkbook. Tr. 18, 224.

Additionally, the ALJ assigned no weight to Dr. Roman's opinion because it was inconsistent with the remaining evidence of record, including plaintiff's treatment records during the period at issue. As the ALJ pointed out, Dr. Roman

conducted some memory exercises and reported that plaintiff "was able to understand and remember instructions during the interview but exhibited poor attention and concentration." Tr. 18-19, 389. Dr. Roman then recommended further evaluation. However, plaintiff's treatment records during the period at issue reported normal memory and orientation, Tr. 359, 445, 494, 500, 510, 516, which is inconsistent with Dr. Roman's opinion.

While plaintiff's arguments offer another rational interpretation of Dr. Roman's evaluation, when "evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision," *Batson*, 359 F.3d at 1193. Additionally, although the ALJ provided multiple legitimate reasons to disregard Dr. Roman's opinion, not all of an ALJ's reasons must be upheld if substantial evidence supports the determination, *id.* at 1195. Thus, because the ALJ provided specific and legitimate reasons, which are supported by substantial evidence in the record, for rejecting Dr. Roman's opinion, the ALJ did not commit any harmful error.

B.    *Opinion of Dr. Lewy.*

Next, plaintiff challenges the ALJ's decision to assign "limited weight" to the reviewing medical opinion of Dr. Lewy. Tr. 13. Dr. Lewy is a State agency psychological consultant who did not examine plaintiff. Rather, Dr. Lewy reviewed the medical evidence available to him in early July 2015, after Dr. Roman's evaluation. Based on his review, Dr. Lewy concluded that plaintiff's mental impairments were non-severe, but also opined that plaintiff would have moderate

limitations in maintaining concentration, persistence, or pace. Dr. Lewy also concluded that plaintiff had moderate limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Yet, Dr. Lewy also concluded that plaintiff was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace. Tr. 19; 87. After considering Dr. Lewy's opinion, the ALJ assigned limited weight to it because Dr. Lewy's opinion was "internally inconsistent, and it was inconsistent with the record as a whole, including [plaintiff's] medical records and documented activities of daily living during the period at issue." Tr. 19.

Plaintiff argues that the ALJ failed to identify specific evidence of record that is inconsistent with Dr. Lewy's opinion. However, in the ALJ's opinion, she summarized Dr. Lewy's opinion and provided her reasoning for assigning it limited weight. Here, Dr. Lewy was a reviewing physician, which is also referred to as a non-examining physician. As such, the ALJ could reject Dr. Lewy's opinion by reference to specific evidence in the medical record. *See Sousa*, 143 F.3d at 1244.

The ALJ assigned limited weight to Dr. Lewy's opinion because it was internally inconsistent. Dr. Lewy reported that plaintiff had moderate limitations in her ability to maintain regular attendance and be punctual within customary tolerances. However, Dr. Lewy also reported that plaintiff was not significantly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent

pace.  Because an ALJ may discount a medical opinion if it contains internal inconsistences, *Morgan*, 169 F.3d at 603, the ALJ's reasoning is not error.

The ALJ also assigned limited weight to Dr. Lewy's opinion because it was inconsistent with the record as a whole, including plaintiff's medical records and documented daily living during the period at issue.  As previously noted, plaintiff's treatment records during the period at issue reported normal memory and orientation.  Tr. 359, 445, 494, 500, 510, 516.  As noted above, the ALJ pointed out that plaintiff prepared meals, performed household chores, shopped in grocery stores, and used public transportation, and even managed her own finances and denied any problems paying bills, counting change, handling a savings account, or using a checkbook.  However, Dr. Lewy determined that plaintiff had moderate limitations in her ability to perform activities within a schedule or maintain concentration, persistence, or pace.  Therefore, because the consistency of the medical opinion with the record as a whole is a relevant consideration when evaluating any medical opinion and weighing competing evidence, *see Orn*, 495 F.3d at 631, the ALJ's reasoning was not error.

Thus, the ALJ provided specific and valid reasons, which are supported by substantial evidence in the record, for no fully crediting Dr. Lewy's opinion.  Accordingly, the ALJ did not commit any harmful error.

II.    *Plaintiffs Subjective Symptom Testimony.*

Next, plaintiff contends that the Commissioner erred in improperly rejecting plaintiff's subjective symptom testimony.  Plaintiff argues that the ALJ failed to

identify specific, clear, and convincing reasons supported by substantial evidence in the record to reject [plaintiff's] subjective symptom testimony.

When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting the claimant's testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage[] in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In weighing a plaintiff's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony ... that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, "subjective pain testimony cannot be rejected on the *sole* ground

that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted).

Here, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [his] decision." Tr. 22. Then, the ALJ proceeded to provide the reasoning for her finding that plaintiff's subjective symptoms statements were not entirely reliable. Tr. 22-24.

First, the ALJ listed specific evidence in the record and reasoned that plaintiff's prior inconsistent statements "undermined her allegations regarding the intensity, persistency, and limiting effects of her symptoms and conditions." Tr. 22; *compare* Tr. 51, 55; *and* Exs. 2E; 11F/2; *with* Exs. 3F/20-23, 43-44, 59-60; 12F; 14F/10. Next, the ALJ listed specific evidence in the record and reasoned that plaintiff's "course of medical treatment and use of medication are not consistent with her allegations regarding the intensity, persistency, and limited effects of her symptoms and conditions." Tr. 22-23; *see also* Tr. 363; Exs. 3F/22; 3F/2, 43-44, 59-60; 14F/10; 7F/1; 8F/1-6; 13F; 21F12-15, 20-35; 21/F/1-11; 18F/1. Finally, the ALJ listed specific evidence in the record and reasoned that plaintiff's daily living undermined her "assertions related to the intensity, persistency, and limiting effects of her physical and mental health symptoms." Tr. 23-24; *see also* 220-21, 225, 44, 50-51, 55-56; Exs. 6E; 3F/6; 7/F/1; 11F; 14F/11; 4E/1; 21F/2, 9, 20; 21/F/20.

Therefore, in weighing plaintiff's credibility, the ALJ considered legally relevant factors in terms of the testimony being inconsistent with activities of daily living and the rest of the medical record. *See Tommasetti*, 533 F.3d at 1039. The Court holds that the ALJ identified specific, clear, and convincing reasons supported by substantial evidence in the record to discredit plaintiff's subjective symptom testimony. Thus, based on this record, the Court finds that the ALJ did not err in discrediting plaintiff's statements related to the intensity, persistence, and limiting effects of her symptoms and conditions.

III.    *Lay Witness Statements.*

Finally, plaintiff contends that the Commissioner erred in improperly rejecting lay witness statements by a close friend of plaintiff, Dawn H.

Lay witness testimony regarding the severity of a claimant's symptoms or how impairment affects a claimant's ability to work is competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). In order to reject such testimony an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r*, 807 F.3d 996, 1007 (9th Cir. 2015). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1234 (9th Cir. 2011). Germane reasons to discredit lay witness opinions include inconsistency with the medical evidence, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and inconsistency with the plaintiff's activities, *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, the ALJ assigned "little weight" to the statements submitted by plaintiff's friend. Tr. 21. The ALJ specifically noted that the report submitted by plaintiff's friend was "inconsistent with the record as a whole, including [plaintiff's] treatment records and activities of daily living during the period at issue." Tr. 21-22; *Compare* Tr. 198, *and* Tr. 203, *with* Tr. 363, *and* Tr. 222-23. Thus, the ALJ did discuss, albeit briefly, her reasoning for not fully crediting the statements submitted by plaintiff's friend.

Moreover, as the Commissioner notes, , because the ALJ provided valid reasons to reject plaintiff's subjective symptom testimony, and because the report submitted by plaintiff's friend generally mirrored parts of plaintiff's subjective symptom testimony, the ALJ had another germane reason for discounting the statements submitted by plaintiff's friend to the extent they described symptoms similar to those rejected in the plaintiff's subjective symptom testimony. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Therefore, the ALJ identified legally sufficient germane reasons for discounting the statements submitted by plaintiff's friend and these reasons are supported by substantial evidence in the record. Thus, the ALJ did not commit any harmful error.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is AFFIRMED.

Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this  23rd  day of April, 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge